In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-2265

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LEWIS FRANKLIN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 99 CR 469-17—**Robert W. Gettleman**, *Judge.*

ARGUED OCTOBER 6, 2009—DECIDED APRIL 12, 2010

Before BAUER, WOOD, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Lewis Franklin pled guilty in 2003 to conspiring to distribute powder and crack cocaine. The plea agreement he signed with the government provided for a term of 157 months' imprisonment, well below the then-mandatory guidelines range. The district court sentenced Franklin to the 157-month term. Several years later, the United States Sentencing Commission reduced the offense levels for crack cocaine crimes. Franklin then filed an 18 U.S.C. § 3582(c) motion that requested

a lower sentence in light of the new guidelines. The district court denied the motion because it concluded that Franklin's sentence was not based on the guidelines but was instead based on the 157-month stipulated term in his plea agreement. In accordance with our recent decision in *United States v. Ray*, No. 09-2392, 2010 WL 935752 (7th Cir. Mar. 17, 2010), we affirm the district court's decision because Franklin's sentence was not based on a sentencing guidelines range for the purposes of 18 U.S.C. § 3582(c).

## I.  BACKGROUND

Lewis Franklin was a member of the Maniac Latin Disciples street gang in Chicago during the late 1980s and 1990s. Gang members sold powder cocaine and crack cocaine on a daily basis at Franklin's direction for several years, and he sold his own drugs as well. Acknowledging this conduct, Franklin entered into a plea agreement with the federal government in 2003. In it, Franklin agreed to plead guilty to conspiring to possess with the intent to distribute more than 5 kilograms of powder cocaine and 50 grams of crack cocaine, in violation of 21 U.S.C. § 846.

The plea agreement included a calculation of the then-mandatory range of imprisonment under the United States Sentencing Guidelines. The parties agreed to a base offense level of 38 in light of the more than 1.5 kilograms of crack that Franklin acknowledged possessing and distributing, an additional two levels for possessing a dangerous weapon, another two levels for a leader or

manager role in the conspiracy, and a reduction of three levels for acceptance of responsibility. The resulting offense level was 39. In light of Franklin's criminal history category of I, the plea agreement stated that the resulting guidelines range was 262 to 327 months' imprisonment. The plea agreement also specified that the guidelines calculations it contained were preliminary, that the probation department would conduct its own investigation, and that the court's determinations would govern the final guidelines calculation.

The plea agreement also specified that the government would alert the district court at sentencing to the extent of Franklin's cooperation and that it would ask the court to depart from the applicable guidelines range and "to impose the specific sentence agreed to by the parties as outlined below." The agreement then stated that Franklin understood that the decision to depart rested solely with the court. The agreement further provided that

> this Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(e)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons of 157 months. . . . If the Court accepts and imposes the agreed term of incarceration set forth, the defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(e)(2) and (4). If, however, the Court refuses to impose the agreed term of incarceration set forth herein, thereby rejecting the Plea Agreement, or otherwise refuses to accept the

> defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound thereto.

The district court accepted Franklin's plea.[1]

The probation office prepared a Presentence Investigation Report ("PSR") before sentencing, and it contained a higher guidelines range than that in the plea agreement. In particular, the PSR called for a three-level instead of two-level enhancement for Franklin's role in the offense. The resulting guidelines range under the PSR was 292 to 365 months' imprisonment.

At the sentencing hearing on March 14, 2003, the government explained that Franklin cooperated with the government very early in his case and provided significant testimony in two lengthy trials. It therefore asked that the court impose the 157-month term specified in the plea agreement. The district court judge concurred, stating, "I think it is an appropriate sentence, and I'm going to enter it on the government's motion of 157 months . . . . The sentence will be 157 months per the 11(e)(1)(C) agreement and the government's 5K1 motion." Although the parties did not discuss the guidelines range during the sentencing hearing, the judgment entered by the district court reflects that it determined the range to be 292 to 365 months, the range recommended by the PSR.

---

[1] Federal Rule of Criminal Procedure 11(e)(1)(C) has since been renumbered and is now Rule 11(c)(1)(C).

After the United States Sentencing Commission lowered the offense levels for many crack cocaine crimes and made the changes retroactive, *see United States v. Woods*, 581 F.3d 531, 537 (7th Cir. 2009), Franklin moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court denied Franklin's motion, concluding that his term of imprisonment was not based on a guidelines range and was instead based on a figure specified in his plea agreement. Franklin appeals.

## II. ANALYSIS

Franklin argues on appeal that his plea agreement does not foreclose him from receiving a reduction in sentence under 18 U.S.C. § 3582(c)(2). That statute provides that

> in the case of a defendant who has been sentenced to a term of imprisonment **based on** a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(emphasis added).

The government maintains that Franklin's sentence was not "based on" a guidelines range for purposes of

section 3582(c)(2). Franklin, on the other hand, insists that his sentence falls within section 3582(c)(2)'s purview. He emphasizes that 157 months is 40% less than the low end of the guidelines range contemplated by the parties in his plea agreement. He also argues that, even if not stated explicitly in his plea agreement, the parties must have looked to the guidelines when they decided on the 157-month term.

Franklin's argument has some initial appeal, as there is no doubt that the parties considered the guidelines range during their negotiations even though they ultimately agreed to a specified number of months. And it is true that 157 months is 40% less than the low end of the guidelines range set forth in the plea agreement. That does not mean that the specified term of 157 months was "based on" a sentencing guidelines range, however, as we explained in our recent decision in *United States v. Ray*, No. 09-2392, 2010 WL 935752 (7th Cir. Mar. 17, 2010). In *Ray*, we considered a plea agreement that provided for a sentence of 263 months' imprisonment. Although that figure represented 10% less than the lowest end of the applicable guidelines range, the plea agreement did not state that the 263-month term was tied to the guidelines. Nor did the plea agreement explain how the parties had arrived at the 263-month figure. These factors and the below-guidelines nature of the specified term led us to conclude that the agreement did not evidence an intent to tie the sentence to the guidelines. *Id.* at \*2. We also explained that although the defendant argued for a 10% reduction below the new guidelines range in his section 3582(c)(2) request, we could not be confident

from the plea agreement that the government would agree to a 10% reduction from the low end of the new range. *See id.* at *3. As we noted, our conclusion that the agreement was not "based on" a sentencing range for purposes of section 3582(c)(2) was in line with that of many other circuits. *See id.* (collecting cases).

As is likely clear by now, *Ray* forecloses Franklin's argument. As in *Ray*, the plea agreement in Franklin's case did not state that the 157-month term was based upon the guidelines, and it did not explain how the parties chose the 157-month term. This term was also below the guidelines range, both as calculated by the parties and by the district court. Under *Ray*, this plea agreement simply does not reflect an intent to tie the sentence to the guidelines. Moreover, as it turns out, the 157-month term was not in fact 40% below the low end of the guidelines range. It was 40% below the parties' initial calculation of the guidelines range, but it was not 40% below the final range as determined by the district court. The fact that the 157-month term was imposed even though the district court settled on a higher guidelines range than that contemplated in the plea agreement only reinforces our conclusion that the 157-month term was not "based on" a guidelines range.

We make clear, however, that our decisions today and in *Ray* do not mean that all Rule 11(c)(1)(C) plea agreements foreclose relief under section 3582(c)(2). If, for example, Franklin's plea agreement had provided that the term of imprisonment was to be "40% below the low end of the guidelines range," or had agreed that "the

defendant will receive the low end of the applicable guideline range," then the government agrees that the plea would be "based on" a guidelines range for section 3582(c)(2) purposes. The district court noted as much, stating in the hearing on the section 3582(c)(2) motion in this case that "if there is an agreed sentence based on a guideline calculation, like 20 percent of the low end of the guidelines, then with the new crack amendments we go down and we recalculate it. We've been doing those by agreement pretty routinely." We also acknowledged in *Ray* that a situation like the one in *United States v. Cobb*, 584 F.3d 979 (10th Cir. 2009), where the defendant agreed to a 168-month term which the agreement stated was "the bottom of the applicable guideline range," might yield a different outcome. *See Ray*, 2010 WL 935752, at *4. These other scenarios do not exist in our case, however, and we affirm the decision of the district court.

## III. CONCLUSION

The judgment of the district court is AFFIRMED.