NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 25, 2010
Decided August 31, 2010

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

JOHN L. COFFEY, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

No. 10-1717

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee,* | Court for the Southern District of Indiana, |
| | Indianapolis Division |
| v. | |
| | No. IP 99-131-CR-001-B/F |
| DARRYL B. McNEAL, | |
| *Defendant-Appellant.* | Sarah Evans Barker, |
| | *Judge.* |

### O R D E R

Darryl McNeal appeals the denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2).  His appointed appellate counsel concluded that the appeal is frivolous and without merit, and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). The defendant-appellant has not accepted our invitation to respond to the motion, *see* CIR. R. 51(b), we thus confine our review to the potential issues in counsel's facially adequate brief, *see United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

In 2000 the appellant pleaded guilty to conspiring to possess more than 50 grams of cocaine base with intent to distribute, *see* 21 U.S.C. §§ 841(a)(1), 846, in exchange for the government's dismissal of five other pending drug counts. The plea agreement, which was governed by FED. R. CRIM. P. 11(e)(1)(C),[1] proposed a sentence of 168 months' imprisonment. The court accepted the agreement and recommendation, and sentenced McNeal to 168 months—the bottom of the applicable guidelines range. On November 1, 2007, the Sentencing Commission retroactively reduced the base offense levels for crack-cocaine offenses, U.S.S.G. § 2D1.1(c); U.S.S.G. Supp. to App. C 226-31 (2008) ("Amendment 706"), and the defendant moved for a sentencing reduction under § 3582(c)(2). That statute permits a district court to reduce a sentence that is "based on" a guidelines sentencing range that has since been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). The court denied the motion on the ground that McNeal's sentence was based not on the guidelines, but on the stipulated term of imprisonment.

Appellate counsel considers one issue: whether McNeal could argue that his sentence is "based on" the guidelines because it falls within the range calculated by the district court. If the term were "based on" the crack guideline, then the court would have had authority to reduce McNeal's sentence. But, as defense counsel observes, that argument is foreclosed by *United States v. Ray*, 598 F.3d 407 (7th Cir. 2010). In *Ray* we recently held that a sentence based on a stipulated term of months under Rule 11(c)(1)(C) is not based on the guidelines, and is therefore not subject to reduction under a guideline amendment. *Ray*, 598 F.3d at 411; *see United States v. Franklin*, 600 F.3d 893, 896-97 (7th Cir. 2010). The defendant's plea agreement does not "reflect an intent that the sentence be modified when the Guidelines shift." *Ray*, 598 F.3d at 411. We agree with counsel that to argue McNeal's sentence was "based on" a guidelines range for purposes of 18 U.S.C. § 3582(c)(2) would be frivolous and without merit.

We GRANT counsel's motion to withdraw and DISMISS the appeal.

---

[1]FED. R. CRIM. P. 11(e)(1)(C) has since been renumbered and is now Rule 11(c)(1)(C).