**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

TITUS BRIDE,
        *Defendant-Appellant.*

No. 08-30266

D.C. No.
3:04-cr-05350-
RBL-1

OPINION

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted
April 7, 2009—Seattle, Washington

Filed September 8, 2009

Before: Betty B. Fletcher, A. Wallace Tashima, and
Sidney R. Thomas, Circuit Judges.

Opinion by Judge B. Fletcher

## COUNSEL

Juanita Holmes, Law Offices of Ellis, Holmes & Witchley, PLLC, Seattle, Washington, for the defendant-appellant.

Jeffrey C. Sullivan, United States Attorney, and Helen J. Brunner, Assistant United States Attorney (argued), Seattle, Washington, for the plaintiff-appellee.

## OPINION

B. FLETCHER, Circuit Judge:

Appellant Titus Bride appeals the district court's denial of his motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Bride's sentence was imposed pursuant to a binding plea agreement entered into under Federal Rule of Criminal Procedure 11(c)(1)(C). We hold that the district court lacked authority to reduce Bride's sentence because the sentence, which was eleven years shorter than the low end of the applicable advisory Guidelines range, was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."

### FACTUAL BACKGROUND

On March 22, 2005, Titus Bride was charged in a nine-count third superseding indictment with felony offenses relating to the distribution of cocaine base, commonly known as

crack cocaine.[1] Bride and the government negotiated a plea agreement pursuant to Rule 11(c)(1)(C) in which Bride agreed to plead guilty to eight of the nine charged counts in exchange for the government's agreement to dismiss the ninth count and to refrain from prosecuting him on any additional offenses arising out of the same conduct. Bride and the government stipulated to a number of facts supporting Bride's plea and agreed that the total amount of cocaine base for which Bride was responsible would yield a base offense level of 38 under the 2003 version of the Guidelines. The parties recommended a nineteen-year term of imprisonment and agreed that this sentence would be appropriate both under the Guidelines and under the 18 U.S.C. § 3553(a) sentencing factors. The parties also acknowledged that the district court would determine the applicable advisory Guidelines sentencing range and consider both the Guidelines range and the § 3553(a) factors before imposing a sentence.

Bride was sentenced for his crimes on April 14, 2006. After reviewing the Presentence Report, the district court found that Bride's base offense level was 42, that his criminal history category was II, and that the applicable Guidelines sentencing range was therefore 360 months to life in prison. Nevertheless, after considering the § 3553(a) sentencing factors, the district court accepted the parties' plea agreement and sentenced Bride to nineteen years in prison, as provided in the plea agreement.[2]

---

[1]Specifically, Bride was charged with conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; two counts of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2; two counts of distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2; possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2; possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2; and felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 2.

[2]Bride timely appealed his conviction and sentence. We affirmed in an unpublished memorandum disposition. *United States v. Bride*, 263 F.App'x 550 (9th Cir. 2008).

On November 1, 2007, the United States Sentencing Commission adopted Amendment 706, which addressed the disparity in sentencing between offenses involving crack cocaine and powder cocaine by reducing the base offense level for crack cocaine offenses by two levels under U.S.S.G. § 2D1.1. The amendment was made retroactive as of March 3, 2008. *See* U.S.S.G. § 1B1.10(c); *see also United States v. Leniear*, No. 08-30199, 2009 WL 2216784, at *3 (9th Cir. July 27, 2009). As a result, defendants convicted of crack cocaine offenses may seek sentence reductions under the amended Guidelines pursuant to 18 U.S.C. § 3582(c)(2), which grants district courts the authority to reduce the term of imprisonment of a defendant if the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ."

Shortly thereafter, Bride moved the district court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive Guidelines amendments. The district court denied Bride's motion, holding that it lacked authority to reduce Bride's sentence under § 3582(c)(2) because Bride's sentence was not based on the Sentencing Guidelines. The district court agreed that there was a nexus between the Guidelines and the plea because "[t]he guidelines define the prosecutor's bargaining chip—the length of time a defendant faces—and therefore the guidelines loom to some degree over all plea agreements." Nevertheless, relying on *United States v. Pacheco-Navarette*, 432 F.3d 967, 971 (9th Cir. 2005), the district court concluded that where a sentence is imposed pursuant to Rule 11(c)(1)(C), "once the parties present a plea, the agreed-to sentence may reflect many factors, and a subsequent sentence is necessarily based on the agreement, not the guidelines." The district court also noted, as additional evidence that Bride's plea was not based on the Guidelines, that Bride's sentence was eleven years shorter than the low end of the 360 months-to-life advisory Guidelines range to which he would otherwise have been subject had the court not accepted the plea agreement.

## STANDARD OF REVIEW

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. *See United States v. Colson*, No. 08-10287, 2009 WL 2185406, at *1 (9th Cir. July 23, 2009). We review a district court's interpretation of a statute de novo. *United States v. Paulk*, No. 08-50229, 2009 WL 2393222, at * (9th Cir. Aug. 6, 2009). We also review the district court's interpretation of the Federal Rules of Criminal Procedure de novo. *Id.*

## DISCUSSION

**[1]** Under 18 U.S.C. § 3582(c), a district court generally "may not modify a term of imprisonment once it has been imposed." There are, however, three exceptions, one of which is provided by § 3582(c)(2).[3] This section states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o),[4] upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

**[2]** The policy statements to which the statute refers appear in U.S.S.G. § 1B1.10 and its accompanying Application

---

[3]The other two exceptions are a reduction of the sentence under certain exceptional circumstances on the Government's motion and modification of the sentence as permitted by statute or by Rule 35(b). 18 U.S.C. § 3582(c)(1)(A), (B).

[4]28 U.S.C. § 994(o) grants the Sentencing Commission statutory authority to revise the Sentencing Guidelines.

Notes. The policy statements note that where the imposed term of imprisonment is less than the applicable Guidelines sentencing range, "a reduction comparably less than the amended guideline range . . . may be appropriate" but that relief is unlikely to be appropriate where the sentence was a non-Guidelines sentence determined under *United States v. Booker*, 543 U.S. 220 (2005), and 18 U.S.C. § 3553(a)). *See* U.S.S.G. § 1B1.10(b)(2)(B).

Bride argues that the district court erred when it held that it lacked authority to consider his motion because a sentence imposed pursuant to a Rule 11(c)(1)(C) plea necessarily is not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" as required by § 3582(c)(2). Bride urges us to hold that a sentence is based on the Guidelines where there is some "nexus" between the applicable Guidelines range and the actual sentence.

**[3]** We decline to accept this invitation. It is not enough that the parties to a plea agreement considered the Guidelines in recommending a sentence. Rather, the terms of the plea agreement are key to determining whether the defendant's sentence was, in fact, based on a sentencing range that was later reduced by the Sentencing Commission. Here, the parties to the agreement stipulated that the quantity of drugs involved would result in a base offense level of 38 and agreed that a nineteen-year sentence would be appropriate. They also recognized that the district court would determine the applicable Guidelines sentencing range in evaluating whether the agreement between the parties was reasonable. At no point, however, did the parties agree that the recommended sentence was in any way dependent upon or connected to the applicable Guidelines sentencing range as determined by the district court. Rather, the district court determined that the applicable Guidelines sentencing range for Bride's offenses would have been 360 months to life, but nevertheless accepted the parties' recommended sentence after it considered the § 3553(a) factors. As a result, Bride received a sentence that was a full

eleven years shorter than the low-end of the applicable Guidelines sentencing range as determined by the district court. These facts demonstrate that Bride's sentence was, in fact, based on the agreement between the parties, rather than on a Guidelines sentencing range. Bride is therefore statutorily ineligible for relief, and the district court did not err when it denied Bride's motion.[5]

**AFFIRMED.**

---

[5]Because we hold that Bride's nineteen-year sentence was not based on a Guidelines sentencing range, we need not reach the issue of whether § 3582(c)(2) relief is necessarily precluded when the district court imposes a sentence pursuant to a Rule 11(c)(1)(C) plea agreement.