# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 7, 2010

Lyle W. Cayce
Clerk

No. 08-50458

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

MARCO A GARCIA, also known as Marco Garcia,

> Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before JONES, Chief Judge, and HIGGINBOTHAM and ELROD, Circuit Judges.

PER CURIAM:

Through an agreement with the government, Marco A. Garcia pleaded guilty to conspiracy to distribute 500 or more grams of cocaine and 50 or more grams of crack, in violation of 21 U.S.C. §§ 841(a)(1) & 846. The district court accepted the plea agreement – which provided for a minimum prison term of 240 months – and, after calculating Garcia's guidelines range, sentenced him to 262 months. After retroactive implementation of the crack sentencing amendments, Garcia moved to reduce his sentence under 18 U.S.C. § 3582(c)(2). The district court granted the motion and changed Garcia's sentence to 240 months, the minimum stipulated to in the plea agreement. Garcia appeals, urging that the district court erred in holding that the plea agreement prevented further

No. 08-50458

reduction. After confirming the district court had jurisdiction to modify Garcia's sentence, we affirm.

I.

In January 2006, a federal grand jury returned an indictment charging Garcia on seven counts of selling large quantities of crack and cocaine. Garcia bargained to plead guilty to count one – conspiracy to distribute at least 500 grams of cocaine and 1,500 grams of crack – in exchange for the government dropping the other six charges. The parties reduced the agreement to writing, with a sentence stipulation pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).[1] Paragraph 19 of the plea agreement stated that "the Defendant and Government agree that the sentence in this case will be at least 240 months."[2]

The plea agreement also contemplated the sentencing guidelines, albeit with the 240 month minimum overlay. Paragraph 8 provided: "The parties agree to request the Court to consult with and take into account the United States Sentencing Guidelines and accompanying policy statements ('the U.S.S.G.') for the calculation of the Defendant's sentence pursuant to 18 U.S.C. § 3553." Paragraphs 10 and 15 discussed the possibility that the government would move for a downward departure from the sentencing guidelines. The government in paragraph 17, citing to U.S.S.G. § 3E1.1(b), promised to move for an additional

---

[1] This rule was previously codified at Federal Rule of Criminal Procedure 11(e)(1)(C), *see United States v. Sanchez*, 562 F.3d 275, 276 & n.2 (3d Cir. 2009), and provides that the prosecutor can "agree that a specific sentence or sentencing range is the appropriate disposition of the case."

[2] Because Rule 11 does not countenance minimum sentences – but rather specific sentences or ranges – we can impute that the partially bounded range, in a sense, was 240 months to the statutory maximum, in this case life.

2

No. 08-50458

point deduction from Garcia's offense level as a "reward" for his timely plea. Finally, paragraph 19 declared that, besides the 240 month minimum, "[a]ll . . . sentencing issues . . . will be determined by the Court after the completion of a Presentence Investigation Report."

At the sentencing hearing on June 8, 2006, the district court adopted the report and found Garcia's total offense level to be 37 and his criminal history category to be one, yielding a sentencing range of 210 to 262 months. The district court "adopt[ed] . . . the application of the U.S. Sentencing Guidelines." However, because it accepted the plea agreement, along with its 240 month minimum, the court ultimately determined the sentencing range to be 240 to 262 months and sentenced Garcia at the highest end, 262 months. In short, the range was bounded on the bottom by the plea agreement and on the top by the guidelines.

"In 2007, the United States Sentencing Commission amended the guidelines. Generally, it reduced the base offense levels for crack cocaine offenses by two, in order to reduce the sentencing disparity between crack and powder cocaine offenses; and it made these guidelines apply retroactively."[3] Garcia moved for a reduction under 18 U.S.C. § 3582(c)(2), which provides that the district court may reduce a prison term "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Pursuant to U.S.S.G. § 1B1.10(b)(1), the district court "determine[d] the amended guideline range that would have been applicable to [Garcia] if the amendment[] to the guidelines . . . had been in effect at the time [he] was sentenced." That amended

---

[3] *United States v. Doublin*, 572 F.3d 235, 236 (5th Cir. 2009).

No. 08-50458

range came out to 168 to 210 months. But, in a continuing effort to honor the plea bargain, the district court determined the actual amended range to be 240 to 240 months, the agreed-to minimum sentenced.[4] The district court granted Garcia's motion and reduced his sentence to 240 months. Garcia appealed, urging that the district court could have gone lower.

## II.

### a.

The first question is whether the district court had jurisdiction to reduce Garcia's sentence at all.[5] Congress authorized reductions of this kind only where the court originally set the term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission."[6] We have held in an unpublished opinion that when a defendant receives a Rule 11(e)(1)(C) stipulated sentence, a reduction under § 3582(c)(2) "does not apply."[7]

Most of the courts of appeals to consider the "based on" issue have come

---

[4] A single number is hardly a "range," but the sentencing guidelines create this inelegance. *See*, *e.g.*, U.S.S.G. § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.").

[5] "[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review . . . ." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (quotation marks omitted). The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582. *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997); *see also United States v. Early*, 27 F.3d 140, 141–42 (5th Cir. 1994). "We review de novo whether the district court had jurisdiction to resentence." *Bridges*, 116 F.3d at 1112.

[6] 18 U.S.C. § 3582(c)(2) (emphasis supplied).

[7] *United States v. Brown*, 71 F. App'x 383, 384 (5th Cir. 2003) (unpublished).

out the same way. When in a plea agreement a defendant and the government look to the sentencing guidelines and stipulate to one of their ranges, the Eighth Circuit has held that § 3582(c)(2) does not apply – because the sentence was based on Rule 11(c)(1)(C) and not "strictly in accordance" with the guidelines.[8] The Third Circuit has held similarly, that a specific sentence stipulation under Rule 11(c)(1)(C) forecloses a § 3582(c)(2) resentencing,[9] this over a pointed dissent.[10] The Seventh Circuit has the same general rule, but allows for some flexibility: "In the absence of explicit language in the agreement to the contrary, a sentence imposed pursuant to a FED. R. CRIM. P. 11(c)(1)(C) plea agreement cannot be said to be 'based on' the Sentencing Guidelines. An agreement must clearly reflect an intent that the sentence be modified when the Guidelines shift."[11] Outside of the § 3582(c)(2) context, the same court has been rigid, opining that "[a] sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines, even though the court can and should consult the Guidelines in deciding whether to accept the plea."[12] The

---

[8] *See United States v. Scurlark*, 560 F.3d 839, 840–43 (8th Cir. 2009).

[9] *See United States v. Sanchez*, 562 F.3d 275, 276–82 (3d Cir. 2009); *id.* at 282–83 (Rendell, J., concurring).

[10] *See id.* at 283–84 (Roth, J., dissenting) ("No good deed goes unpunished. . . . For the majority, the binding nature of such agreements justifies a difference in the treatment between the offenders who choose to go to trial and those who choose to plead guilty thus saving judicial and governmental resources. . . . From my perspective, it strains credulity to imagine that the plea agreement was *not* based on the Guidelines. When offenders are considering a plea, the sentencing consequences, including the impact of the Sentencing Guidelines, are a crucial element in reaching the bargain.").

[11] *United States v. Ray*, 598 F.3d 407, 411 (7th Cir. 2010).

[12] *United States v. Cieslowski*, 410 F.3d 353, 364 (7th Cir. 2005).

No. 08-50458

Second Circuit has held that a defendant who entered into a Rule 11(c)(1)(C) agreement to serve no more than 96 months, and whose guidelines range turned out to be 120 to 150 months, could not qualify for a § 3582(c)(2) reduction, because his 84 month sentence was based not on the guidelines, but on the plea agreement.[13]  The Sixth Circuit takes the hardest line: in a case in which the defendant stipulated to a total offense level of 30, but not to a criminal history category, and the government promised to ask for a sentence on the low end of the applicable guidelines range, the district court's acceptance of the plea foreclosed later application of § 3582(c)(2).[14]  The court held that Rule 11(c)(1)(C) "precludes the district court from altering the parties' agreed sentence under 18 U.S.C. § 3582(c).  This conclusion applies despite the retroactivity of a subsequent amendment to a relevant guideline utilized to determine the defendant's sentence."[15]

Other circuits have come out differently.  The Fourth Circuit, hewing closely to statutory text, held over strong dissent that a Rule 11(c)(1)(C) sentence stipulation did not disqualify defendants from § 3582(c)(2) resentencing, explaining, "a sentence may be *both* a guidelines-based sentence eligible for treatment under § 3582(c)(2) and a sentence stipulated to by the parties in a plea agreement."[16]  (The court vacated its opinion by granting rehearing en banc and ultimately dismissed the appeal as moot.)  And the Tenth Circuit lately has

---

[13] *See United States v. Main*, 579 F.3d 200, 201–04 (2d Cir. 2009).

[14] *United States v. Peveler*, 359 F.3d 369, 370–79 (6th Cir. 2004).

[15] *Id.* at 379.

[16] *United States v. Dews*, 551 F.3d 204, 209 (4th Cir. 2008), *reh'g en banc granted* (4th Cir. 2009), *appeal dismissed as moot* (4th Cir. 2009).

taken a position at the opposite end of the spectrum from the Sixth: in a case in which the Rule 11(c)(1)(C) stipulation specified that the defendant would receive a sentence on the low end of his guidelines range of 168 to 210 months, the circuit court held that the district court could reduce the sentence under § 3582(c)(2).[17]  The court explained that § 3582(c)(2) "allows for reductions of sentences which are based in any way on a qualifying range," and proclaimed to "hold truer to the [statutory] language" than the circuit courts to come out differently.[18]  A dissenting judge wanted to follow previous Tenth Circuit law holding that Rule 11 sentence stipulations do not fall under the guidelines.[19]

Ultimately, none of these circuits dealt with a stipulated minimum sentence, so Garcia's case is the wrong vehicle with which to enter this demolition derby.  Here, we have no reason to pass on a plea with a specific sentence, or a maximum, or a range bounded on both ends by the guidelines.  However, the caselaw – rife with inter- and  intra-circuit disagreement – does teach that wooden rules will not do.  The jurisdictional question is whether the sentence was "based on" the subsequently amended crack-offense guidelines, and answering that question requires that we examine the nuances of both the plea agreement and the sentencing transcript in each particular case.[20]

---

[17] *See generally United States v. Cobb*, 584 F.3d 979 (10th Cir. 2009).

[18] *Id.* at 985.

[19] *See id*. at 988 (Hartz, J., dissenting) (citing *United States v. Trujeque*, 100 F.3d 869 (10th Cir. 1996)).

[20] The Ninth Circuit was the first to adopt this necessary, if unsatisfying, case-specific approach.  *United States v. Bride*, 581 F.3d 888, 891 (9th Cir. 2009) ("It is not enough that the parties to a plea agreement considered the Guidelines in recommending a sentence.  Rather, the terms of the plea agreement are key to determining whether the defendant's sentence was, in fact, based on a sentencing range that was later reduced by the Sentencing Commission.").

No. 08-50458

Doing so, we conclude the district court sentenced Garcia based on the sentencing guidelines – just as the plea agreement provided. The parties stipulated to a minimum sentencing range irrespective of the guidelines.[21] But the agreement allowed that the maximum point on Garcia's range could derive from the guidelines if the high end of the guidelines range exceeded 240 months. It did, and the district court sentenced Garcia to 262 months based on its guidelines calculation. The able district judge expressly said as much: "I adopt . . . the application of the U.S. Sentencing Guidelines . . . ." Garcia qualified to move for a reduction.

b.

A § 3582(c)(2) proceeding is not a full resentencing,[22] so *Booker* and its

---

The Seventh Circuit has recently eased off a categorical approach to adopt the case-by-case method, listing possible exceptions to its general rule and explaining: "We make clear, however, that our decisions today and in *Ray* do not mean that all Rule 11(c)(1)(C) plea agreements foreclose relief under section 3582(c)(2)." *United States v. Franklin*, ___ F.3d ___, ___, 2010 WL 1427536, at *3, 2010 U.S. App. LEXIS 7417, at *9 (7th Cir. Apr. 12, 2010) (referencing *United States v. Ray*, 598 F.3d 407 (7th Cir. 2010)).

[21] The parties did not stipulate to an offense level or a criminal history category. Although they likely estimated Garcia's guidelines range, "[i]t is difficult to conceive of any criminal case in which the parties and their counsel" do not. *See Dews*, 551 F.3d at 213 (Agee, J., dissenting). Given the amount of crack involved, Garcia's base offense level was 38. With all the deductions sought by Garcia, the total offense level could have been as low as 35, or with various enhancements it could have been as high as 40. This would have produced guidelines ranges of 168 to 210 months and 292 to 365 months, respectively. (After a jury conviction on count one, Garcia could have faced 360 months to life.) In any event, the parties never stated that the 240 month minimum was anchored to a guidelines range, and none of the guidelines ranges terminate at, or have as their midpoint, 240 months.

[22] *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).

No. 08-50458

bifurcated reasonableness review do not apply.[23] Guidelines amendments do not entitle defendants to a resentencing; instead, § 3582(c)(2) "merely gives the district court discretion to reduce a sentence under limited circumstances."[24] We, therefore, review the district court's reduction decision for an abuse of discretion.[25]

"Plea bargain agreements are contractual in nature, and are to be construed accordingly."[26] They bind the parties, and, more importantly, the court, too, is bound "once [it] accepts the plea agreement."[27] Garcia's agreement stipulated to a minimum sentence of 240 months, unmoored from any guidelines calculation. When the sentencing guidelines for crack offenses changed, bringing down the high end of Garcia's range, his negotiated minimum stayed put. By modifying the sentence to 240 months, the district court gave Garcia the biggest reduction for which he was eligible.

### III.

Garcia's plea agreement left the district court to use the guidelines, with the exception that the term of imprisonment could not fall below 240 months.

---

[23] *Id.* at 672 (referencing *United States v. Booker*, 543 U.S. 220 (2005)).

[24] *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009).

[25] *Evans*, 587 F.3d at 672.

[26] *Hentz v. Hargett*, 71 F.3d 1169, 1173 (5th Cir. 1996) (quotation marks omitted).

[27] *United States v. Self*, 596 F.3d 245, 248 (5th Cir. 2010) (citing FED. R. CRIM. P. 11(c)(1)(C)).

No. 08-50458

The court based Garcia's sentence on the guidelines' upper limit, a limit that tumbled after the crack amendments, allowing Garcia to move for a reduction. By reducing Garcia's sentence to 240 months, the district court continued to execute the plea agreement as originally written, and the government and Garcia got exactly what they had bargained for.

AFFIRMED.