# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2010

Lyle W. Cayce
Clerk

No. 09-30778

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

RONNIE WILLIAMS,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before JOLLY, SMITH, and OWEN, Circuit Judges.

PER CURIAM:

Ronnie Williams appeals a district court order denying his motion for a sentence reduction under 18 U.S.C. § 3582(c). Williams argues that he is entitled to a reduction of his sentence pursuant to Amendment 706 of the Sentencing Guidelines, which provides for a two-level reduction in the base offense level for crack-cocaine-related offenses.[1] We affirm.

**I**

In 2004, a federal grand jury indicted Williams on two charges: Count 1 alleged that Williams participated in a conspiracy to possess with intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C.

---

[1] U.S.S.G. supp. to app. C, amend. 706 (2007).

§§ 841(a)(1) and 841(b)(1)(A); and Count 9 alleged that Williams used a communication facility to commit possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 843(b). The Sentencing Guidelines range for these crimes was 360 months' to life imprisonment. Williams pleaded guilty to these charges pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) agreement. Rule 11(c)(1)(C) allows the government to recommend a specific sentence or sentencing range for a defendant, even if this sentence is not within the guidelines range. Under Williams's Rule 11(c)(1)(C) agreement, the Government stipulated that a sentence of 192 months was appropriate. The district court accepted the plea agreement and sentenced Williams to 192 months' imprisonment.

In 2007, the United States Sentencing Commission amended the Sentencing Guidelines to reduce the base offense level for crack-cocaine-related offenses.[2] The purpose of the amendment was to reduce the sentencing disparity between crack- and powder-cocaine offenses.[3] The amendment applies retroactively to sentences handed down before the enactment of the amendment.[4]

In response to the 2007 amendment, the Eastern District of Louisiana established a Cocaine Base Retroactivity Screening Committee to review the cases of all defendants whose sentences could potentially be affected by the revision to the crack-cocaine guidelines. The Committee reviewed Williams's case and concluded that, under the new guidelines, his sentence range would be 324 to 405 months.

---

[2] *United States v. Doublin*, 572 F.3d 235, 236 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 517 (2009).

[3] *Id.*

[4] *Id.*

Williams filed a pro se motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). Williams asserted that his sentence of 192 months should be reduced to 172 months, which would reflect a comparable 47% reduction below the low-end of the current guideline range of 324 months. The district court denied the motion. This appeal followed.

## II

We review a district court's decision whether to modify a sentence under § 3582(c) for abuse of discretion.[5] The district court's interpretation of the Guidelines is reviewed de novo and its findings of fact for clear error.[6]

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[7] Section 3582(c)(2) states that

> [t]he court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Thus, a district court may not modify a defendant's sentence under § 3582(c)(2) unless the original sentence was "based on" a guideline that was subsequently lowered.[8] In order to determine whether a sentence was "based on" a sentencing range that has subsequently been lowered, the court must "examine the nuances

---

[5] *United States v. Cooley*, 590 F.3d 293, 295 (5th Cir. 2009).

[6] *Id.* at 295-96.

[7] *United States v. Garcia*, No. 08-50458, 2010 WL 1816619, at n.5 (5th Cir. May 7, 2010) (slip opinion).

[8] *Id.* at *2.

of both the plea agreement and the sentencing transcript in each particular case."[9]

A majority of circuits that have addressed the question have concluded that sentences pursuant to Rule 11(c)(1)(C) plea agreements are not "based on" the Guidelines for the purposes of § 3582(c)(2).[10]  This line of cases holds that a defendant's sentence is not based on the Guidelines when it is instead based on an agreement between the defendant and the government.[11]  So, for example, in *United States v. Main*, a defendant was originally sentenced to 84 months' imprisonment pursuant to a Rule 11(c)(1)(C) plea agreement, when the then-applicable guidelines range was 120 to 150 months.[12]  After the crack-cocaine amendments, the defendant filed a motion to reduce his sentence under § 3582(c).[13]  The Second Circuit held that the defendant was not entitled to a

---

[9] *Id.* at *9.

[10] *See, e.g.*, *United States v. Ray*, 598 F.3d 407, 411 (7th Cir. 2010) (holding that a defendant's sentence pursuant to a Rule 11(c)(1)(C) agreement was not based on the Guidelines); *United States v. Main*, 579 F.3d 200, 203 (2d Cir. 2009) (holding that a defendant's sentence was "'based on' his Rule 11(c)(1)(C) agreement with the government, and not a sentencing range that the Sentencing Commission subsequently lowered"), *cert. denied*, 130 S. Ct. 1106 (2010); *United States v. Sanchez*, 562 F.3d 275, 282 (3d Cir. 2009) (holding that a defendant "was sentenced based on a binding plea agreement under Rule 11(e)(1)(C) and not on a range from the Sentencing Guidelines"), *cert. denied*, 130 S. Ct. 1053 (2010); *United States v. Scurlark*, 560 F.3d 839, 841 (8th Cir. 2009) (holding that a defendant's "sentence was based on a binding Rule 11(c)(1)(C) plea agreement, not the subsequently amended Guidelines"), *cert. denied*, 130 S. Ct. 738 (2009); *United States v. Peveler*, 359 F.3d 369, 379 (6th Cir. 2004) (holding that, "absent an agreement of the parties, the plain language of the current version of Rule 11(e)(1)(C), now Rule 11(c)(1)(C), generally precludes the district court from altering the parties' agreed sentence under 18 U.S.C. § 3582(C)"); *United States v. Trujeque*, 100 F.3d 869, 870-71 (10th Cir. 1996) (holding that a sentence based on a Rule 11(e)(1)(C) agreement was not "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" (internal quotation marks omitted)).

[11] *See* cases cited *supra* note 10.

[12] *Main*, 579 F.3d at 202.

[13] *Id.*

4

sentence reduction. After examining the language of the plea agreement, the sentencing transcript, and the relevant sentencing guidelines, the court stated:

> Instead of using the sentencing range specified by the Guidelines, the district court adhered to the maximum sentence permitted by the plea agreement . . . . We therefore hold that Main's sentence was "based on" his Rule 11(c)(1)(C) agreement with the government, and not a sentencing range that the Sentencing Commission subsequently lowered, and conclude that the district court was without authority to reduce the sentence pursuant to 18 U.S.C. § 3582(c)(2).[14]

Likewise, the Eighth Circuit has held that even when a defendant and the government have looked to the Sentencing Guidelines and stipulated to one of their ranges under a Rule 11(c)(1)(C) plea agreement, the resulting sentence is not subject to modification under § 3582(c)(2) because the sentence was based on Rule 11 and not "strictly in accordance with the Guidelines."[15]

Other circuits have reached the opposite conclusion. In *United States v. Dews*, the Fourth Circuit held that a court could modify a defendant's sentence pursuant to a Rule 11(c)(1)(C) agreement.[16] The court stated that "a sentence may be *both* a guidelines-based sentence eligible for treatment under § 3582(c)(2) and a sentence stipulated to by the parties in a plea agreement."[17] This opinion was later vacated when the Fourth Circuit granted rehearing en banc, and the appeal was eventually dismissed as moot.

There appears to be a growing trend away from categorical statements that all Rule 11(c)(1)(C) plea agreements are, or are not, based on the Sentencing

---

[14] *Id.* at 203.

[15] *Scurlark*, 560 F.3d at 842-43.

[16] *United States v. Dews*, 551 F.3d 204 (4th Cir. 2008), *vacated and reh'g en banc granted*, No. 08-6458 (4th Cir. Feb. 20, 2009), *appeal dismissed as moot*, No. 08-6458 (4th Cir. May 4, 2009).

[17] *Id.* at 209.

Guidelines.[18]  Instead, some courts have adopted a fact-specific, case-by-case approach to determining whether Rule 11(c)(1)(C) plea agreements are based on the Guidelines.[19]  In *United States v. Bride*, the Ninth Circuit was faced with the question of whether to reduce the sentence of a defendant who pleaded guilty to felony offenses relating to the distribution of crack cocaine.[20]  His guidelines range was 360 months' to life imprisonment, and the court sentenced him to 19 years' imprisonment.[21]  The defendant argued that his sentence was based on the Guidelines because there was a nexus between the applicable guidelines range and the actual sentence.[22]  The Ninth Circuit declined to adopt this position, holding that the defendant's sentence was not based on the Guidelines. The court stated:

> It is not enough that the parties to a plea agreement considered the Guidelines in recommending a sentence. Rather, the terms of the plea agreement are key to determining whether the defendant's sentence was, in fact, based on a sentencing range that was later reduced by the Sentencing Commission.[23]

---

[18] *See, e.g., United States v. Franklin*, 600 F.3d 893, 897 (7th Cir. 2010) ("We make clear, however, that our decisions today . . . do not mean that all Rule 11(c)(1)(C) plea agreements foreclose relief under section 3582(c)(2)."); *United States v. Cobb*, 584 F.3d 979, 985 (10th Cir. 2009) ("If we categorically removed Rule 11 pleas from the reach of § 3582, it would perpetuate the very disparity § 3582 and the retroactive application of Amendment 706 were meant to correct."); *United States v. Bride*, 581 F.3d 888, 891 (9th Cir. 2009) (stating that "the terms of the plea agreement are key to determining whether the defendant's sentence was, in fact, based on a sentencing range that was later reduced by the Sentencing Commission"), *cert. denied*, 130 S. Ct. 1160 (2010).

[19] *See* cases cited *supra* note 19.

[20] 581 F.3d at 889-91.

[21] *Id*. at 889.

[22] *Id*. at 891.

[23] *Id*.

After looking at the terms of the plea agreement, the applicable guidelines, and the district court's disposition, the court concluded that the defendant was not eligible for a reduced sentence under § 3582(c).[24]

In this case, we need not adopt a categorical rule regarding whether sentences pursuant to Rule 11(c)(1)(C) plea agreements are in all cases "based on" the Guidelines. A review of the plea agreement, sentencing record, and applicable guidelines demonstrates that Williams's sentence was not "based on" the subsequently amended crack-offense guidelines. Williams stipulated to a sentence of 192 months, whereas the guidelines range for his crime would have been 360 months to life. Even under the newly amended Guidelines, his sentencing range would be 324 to 405 months. Thus, Williams's sentence was significantly lower than the then-existing guidelines range and is still significantly lower than the post-amendment guidelines range. Furthermore, the plea agreement never stated that the stipulated sentence depended on, or was even connected to, the applicable sentencing range. Likewise, a review of the sentencing transcript does not suggest that the district court based its decision on a guideline calculation. While the guidelines range may have affected the plea negotiations, we have never held that such a tenuous connection is sufficient to establish that a defendant's ultimate sentence was in fact "based on" the Guidelines, as that term is used in § 3582(c). We decline to do so today. Therefore, the district court did not err when it found that Williams's sentence was not subject to modification under § 3582(c).

Even if Williams's sentence were deemed to be "based on" the Sentencing Guidelines, and thus eligible for reduction under § 3582(c), the district court did not abuse its discretion in denying the motion for a reduced sentence. The policy statement accompanying § 3582(c)(2) states that "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the

---

[24] *Id.*

guidelines range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate."[25]  As we explained in *United States v. Cooley*, "[e]ven though the district court *may* grant a comparable sentence reduction, however, it is not compelled to do so."[26]  The district court in the present case concluded that it did not have authority to reduce Williams's sentence.  However, the district court ruled in the alternative, as well, stating that even if it had authority to reduce the sentence, it would not do so because the "sentence of 192 months is already significantly below his 'modified' range of 324–405 months, and there is no adequate reason why his sentence should be lowered further."  We agree.  Williams identifies no convincing reasons why he is deserving of a sentence reduction.  Therefore, the district court did not abuse its discretion in denying Williams's motion for a reduced sentence.

*      *      *

For the foregoing reasons, the district court's judgment is AFFIRMED.

---

[25] U.S.S.G. § 1B1.10(b)(2)(B) (2008).

[26] 590 F.3d 293, 297 (5th Cir. 2009).