ROGERS, Circuit Judge,
concurring in judgment:
Although I concur in the judgment affirming the district court’s denial of Berry’s motion to modify his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), I do so on different grounds. The record indicates that the district court did not impose a sentence based on the sentencing range under the United States Sentencing Guidelines for either a non-career offender or a career offender. Rather, the district court calculated the career offender sentencing range under the Guidelines and then expressly stated that it was departing from that range and imposing the 168 month term of imprisonment set forth in the plea agreement, which the district court had accepted. See Judgment Statement of Reasons; Fed.R.CrimP. ll(c)(l)(C)(4). Nor did the plea agreement state that the term of imprisonment was based on a guideline sentencing range.
In these circumstances, where the district court has calculated a guideline sentencing range and then departed from it and imposed a sentence based on the term of imprisonment set forth in the plea agreement, the defendant is ineligible for relief pursuant to 18 U.S.C. § 3582(c)(2) “based on a sentencing range that has subsequently been lowered by the Sentencing Commission.” See United States v. Bride, 581 F.3d 888, 891 (9th Cir.2009); United States v. Main, 579 F.3d 200, 203 (2d Cir.2009); see also United States v. Garcia, 606 F.3d 209, 214 (5th Cir.2010). Because neither the Judgment nor the plea agreement indicate that Berry’s sentence of 168 months’ imprisonment was based on a guideline sentencing range, the court has no occasion to decide under what circumstances a defendant sentenced pursuant to a Rule 11(c)(1)(C) plea agreement may be eligible for relief under section 3582(c)(2). See Op. at 18.