# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2010

Lyle W. Cayce
Clerk

No. 10-10117
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ISAAC MCCRUMBY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-60-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Isaac McCrumby pleaded guilty pursuant to a plea agreement to one count of conspiracy to commit bank fraud. The presentence report calculated McCrumby's Guidelines range to be 84 to 105 months of imprisonment. The district court, pursuant to U.S.S.G. § 4A1.3(a)(1), upwardly departed to 160 months of imprisonment. McCrumby was also sentenced to a five-year term of supervised release and ordered to pay restitution in the amount of $125,575.57. McCrumby appeals his sentence, a right he did not waive in his agreement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10117

McCrumby contends that the district court plainly erred in not reducing his offense level under U.S.S.G. § 2X1.1(b)(2) for "partially completed offenses." McCrumby does not dispute the district court's intended loss calculation, ($2,151,760.80) which was based on the 2,359 customer account numbers found in his possession. He contends, however, that there was no evidence that he made "'substantial progress'" in using all of the 2,359 numbers to commit the intended offense.

As McCrumby concedes, because he did not raise the argument below, review is for plain error only. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To demonstrate plain error, McCrumby must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States,* 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court will correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The record reflects that the acts to complete the intended offense of bank fraud resulting in $2,151,760.80 had not been completed at the time McCrumby was apprehended. *See United States v. John*, 597 F.3d 263, 284 (5th Cir. 2010); *United States v. Waskom*, 179 F.3d 303, 308-09 (5th Cir. 1999). Accordingly, the district court clearly erred in failing to apply the three-level reduction. *See John*, 597 F.3d at 284. Nevertheless, McCrumby cannot show a reasonable probability that he would have received a lesser sentence. *See United States v. Davis*, 602 F.3d 643, 650 (5th Cir. 2010). Although the district court erroneously calculated the Guidelines range, there is no evidence that the district court relied on the erroneous range when it departed upward. Further, the record indicates that the district court had ample independent basis for imposing the sentence that it did--McCrumby's extensive criminal history, short sentences, and likelihood of recidivism. *See id.* at 649. Thus, McCrumby's challenge fails plain error review.

No. 10-10117

McCrumby also argues that the district court procedurally erred in applying § 4A1.3 to the facts of his case because his criminal history category VI sufficiently addressed his prior criminal history. At sentencing, McCrumby objected to only the extent of the departure and reasonableness of his sentence. He did not make the procedural error argument he now raises on appeal. Accordingly, his argument is reviewed for plain error. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).

McCrumby's criminal record shows that he is a repeat offender. Further, the district court's stated reasons at sentencing for the departure--concern with McCrumby's recidivism--advances the objectives set forth in 18 U.S.C. § 3553(a). *See United States v. Zuniga-Peralta*, 442 F.3d 345, 347 (5th Cir. 2006); § 3553(a)(2). McCrumby has failed to show that the district court plainly erred in applying the § 4A1.3(a)(1) departure to his sentence. *See Puckett*, 129 S. Ct. at 1429. Furthermore, the district court did not abuse its discretion in departing upward as its reasons for departing were based on the § 3553(a) factors and were justified by the facts of the case. *See Zuniga-Peralta*, 442 F.3d at 347. Although the departure in this case was significant, this court has affirmed similar departures. *See, e.g., United States v. Herrera-Garduno*, 519 F.3d 526, 531-32 (5th Cir. 2008); *Zuniga-Peralta*, 442 F.3d at 347-38; *United States v. Simkanin*, 420 F.3d 397, 419 (5th Cir. 2005). Given McCrumby's criminal history, his risk of recidivism, and the need for deterrence and to promote respect for the law, he has not shown that his sentence is substantively unreasonable. *See Zuniga-Peralta*, 442 F.3d at 347.

McCrumby's final argument is that the district court plainly erred in failing to make the restitution order joint and severally liable with his codefendant. In the instant case, McCrumby and the Government stipulated in the plea agreement that McCrumby "shall be jointly and severable liable for payment of all restitution." This provision of the plea agreement was read at McCrumby's rearraignment. The plea agreement, which was accepted by the

No. 10-10117

district court, is binding. *See United States v. Garcia*, 606 F.3d 209, 215 (2010); *see also* 18 U.S.C. § 3663(a)(3).

Given that the mutual understanding of the parties was that McCrumby would be jointly and severally liable with his codefendant for the restitution, there was error that was plain and that affected McCrumby's substantial rights because he was sentenced to pay restitution in a manner different than that agreed to in the plea agreement. *See Puckett*, 129 S. Ct. at 1429. Additionally, "the error affected the fairness and integrity of the judicial proceedings." *See Puckett,* 129 S. Ct. at 1429; *see also United States v. Adams*, 363 F.3d 363, 367-68 (5th Cir. 2004). Accordingly, the district court's judgment is VACATED in part and REMANDED for amendment of the written judgment to reflect that McCrumby is jointly and severally liable with his codefendant for the restitution amount. McCrumby's sentence is otherwise AFFIRMED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.