# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 2, 2011

No. 08-30611

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MORRIS STEWARD,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CR-7-1

Before REAVLEY, GARZA, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Morris Steward appeals from the denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction in sentence. We AFFIRM.

## FACTUAL AND PROCEDURAL HISTORY

In 2005, Steward pled guilty to two counts of distribution of five or more grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). His plea agreement recited that Steward was facing a total of four narcotics counts, a multi-million dollar fine, and a term of imprisonment between five and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-30611

40 years. In exchange for the guilty plea to two of the counts, the government agreed to dismiss the remaining two counts, waive the fine, and seek a reduced sentence. The parties agreed in the plea "that a specific sentencing range is appropriate in the disposition of this case, to wit: a term of imprisonment of 97 months," and further agreed that "should the Court refuse to impose the stipulated sentence, the defendant or the Government has the option of declaring this plea agreement null and void."

The district court initially declined to accept or reject the plea agreement, stating that it would defer its decision until the completion of a Pre-Sentence Report ("PSR"). The PSR was completed and no objections were submitted by either party. At sentencing, the court accepted the PSR:

> The Court agrees with the conclusions in the [PSR], and taking into account the advisory provisions of the United States Sentencing Guidelines, finds the applicable guideline range in this case to be: Total offense level 29; criminal history category II, which would indicate 97 to 121 months imprisonment; probation is not applicable; four to five years supervised release; $15,000 to $4 million fine, plus cost of imprisonment and supervision; $200 special assessment; and restitution is not applicable.

The district court granted the government's motion for a three-level reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines. The court then accepted the plea agreement and sentenced Steward to 97 months of imprisonment, five years of supervised release, no fine, and a mandatory $200 special assessment.

In 2008, Steward filed a motion under 18 U.S.C. § 3582(c)(2) seeking a 19-month reduction in his sentence. He sought to take advantage of the 2007 amendments to the Sentencing Guidelines, which lowered the sentencing ranges applicable to certain crack cocaine convictions. *See United States v. Caulfield*, 634 F.3d 281, 283 (5th Cir. 2011). The district court denied relief and Steward appealed. His appeal was once remanded to the district court for factfinding

2

No. 08-30611

that is no longer relevant, and the appeal was also held pending the resolution of two cases that have now been decided.

DISCUSSION

In his plea agreement, Steward waived his right to appeal or collaterally attack his sentence unless it exceeded the statutory maximum. Section 3582(c)(2) motions are not considered an "appeal" or "collateral proceeding" under the terms of a general waiver of appeal. *United States v. Cooley*, 590 F.3d 293, 297 (5th Cir. 2009). This is because such "motions do not contest but rather bring to the court's attention changes in the guidelines that allow for a sentence reduction." *Id.* (quotation marks and citation omitted). Steward's appeal waiver does not bar our review.

We next consider whether the district court had jurisdiction to reduce Steward's sentence, considering that he received a stipulated sentence pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). We have previously held in an unpublished and thus nonprecedential opinion that Section 3582(c)(2) relief was unavailable to a defendant who received a stipulated sentence under that Rule. *United States v. Brown*, 71 Fed. App'x 383, 384 (5th Cir. 2003) (unpublished) (applying Rule 11 as then-organized). More recently, we reviewed caselaw from other circuits to conclude that in these situations, "wooden rules will not do." *United States v. Garcia*, 606 F.3d 209, 214 (5th Cir. 2010). "The jurisdictional question is whether the sentence was 'based on' the subsequently amended crack-offense guidelines, and answering that question requires that we examine the nuances of both the plea agreement and the sentencing transcript in each particular case." *Id.* (citations omitted).

The district court stated it was "taking into account" the Guidelines; identified the appropriate Guidelines range of 97-121 months of imprisonment; accepted the PSR, including its calculation of the Guidelines; and pursuant to the Guidelines, granted the government's motion for a three-level reduction in

3

sentence for acceptance of responsibility. Ninety-seven months is not an arbitrary sentence; it is the lowest end of the Guidelines range that the PSR concluded was appropriate in light of Steward's criminal history category and total offense level. The district court's April 11, 2008, order denying Section 3582(c)(2) relief confirmed that Steward's previous sentencing range was 97-121 months. We conclude that Steward's sentence was based on the Sentencing Guidelines. Accordingly, there is jurisdiction to consider this appeal. *See id.*; *United States v. Williams*, 609 F.3d 368, 372-73 (5th Cir. 2010).

The remaining question is whether Steward was entitled to a reduction of sentence under Section 3582(c)(2). "Plea bargain agreements are contractual in nature, and are to be construed accordingly. They bind the parties, and, more importantly, the court, too, is bound once it accepts the plea agreement." *Garcia*, 606 F.3d at 215 (quotation marks, brackets, and citations omitted).

The benefits Steward obtained by negotiating a plea agreement included the dismissal of two pending narcotics counts, no substantial fine, and a sentence below the statutory maximum. The appropriate sentencing range for his offenses and criminal history was 97 to 121 months, yet Steward bargained for and received a sentence at the very bottom of that range. The plea agreement also gave Steward the right to withdraw his plea if the district court did not accept the 97-month term of imprisonment. This further insulated Steward from uncertainty and eliminated the chance he could be given an upward adjustment by the district court.

We review whether a district court abused its discretion by the denial of relief under Section 3582(c)(2). *Id.* By leaving Steward's sentence unchanged, the district court continued to enforce the bargain that was entered in the plea agreement. The district court did not abuse its discretion.

AFFIRMED.