# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 20, 2012

No. 12-10229
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KELVIN SPENCER,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:06-CR-88-2

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Kelvin Spencer, federal prisoner # 35466-177, pleaded guilty of conspiracy to possess with intent to distribute more than fifty grams of crack cocaine. His

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plea agreement, entered pursuant to Federal Rule of Criminal Procedure 11(c)-(1)(C), provided that the appropriate term of imprisonment was no more than 300 months. He was sentenced to 180 months based on the agreed sentence and a government motion under U.S.S.G. § 5K1.1. His sentence was later reduced to 156 months based on a government motion under Federal Rule of Criminal Procedure 35.

Spencer moved for a sentencing reduction under 18 U.S.C. § 3582(c)(2) based on the Fair Sentencing Act and the retroactive guidelines amendment, Amendment 750, which changed the drug quantities necessary to trigger mandatory minimum sentences for crack and powder cocaine offenses. The district court determined that Spencer was not eligible for a reduction under § 3582(c)(2) because his sentence was not based on the guidelines.

For the first time on appeal, Spencer argues that the rule of lenity should allow his sentence to be reduced because, he argues, § 1B1.10(b)(2)(B) is ambiguous. He contends that because § 1B1.10(b)(1)(B) does not distinguish between departures and variances or between sentences that were originally based on plea agreements and those that were not, the rule of lenity should apply, and he should be allowed a reduction. Because Spencer could have made the lenity argument in the district court, our review is for plain error. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009).

Spencer has not demonstrated that the district court plainly erred by failing to apply the rule of lenity to reduce his sentence. The "plea agreement never stated that the stipulated sentence depended on, or was even connected to, the applicable sentencing range." *United States v. Williams*, 609 F.3d 368, 373 (5th Cir. 2010). A review of the record demonstrates that Spencer's sentence was not based on the crack-cocaine guideline. The judgment is AFFIRMED.