# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11478
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
August 8, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JIMMY WAYNE MACK,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CR-93-1

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Jimmy Wayne Mack pleaded guilty, pursuant to an agreement, to conspiring to distribute and possess, with intent to distribute, 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B); he was sentenced to 240 months' imprisonment. Mack appeals, *pro se*, the district court's denying his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), as well as his motion for reconsideration.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-11478

Drug Enforcement Administration agents arrested Mack and three other individuals in Parker County, Texas, after Mack was identified by local law enforcement as the leader of a drug-tracking operation.  Upon execution of the search warrant for his residence, officers found, *inter alia,* a make-up bag filled with methamphetamine, a drug ledger, multiple mobile telephones, a digital scale, and various drug paraphernalia.

In the written plea agreement with Mack, the Government stipulated "a sentence of no greater than twenty (20) years is the appropriate disposition in this case".  The presentence investigation report (PSR) recommended a total offense level of 43 based on the advisory Sentencing Guidelines.  That level combined with a criminal history category of IV resulted in a Guidelines range of life imprisonment, but was revised to 480 months' imprisonment because the statutory maximum for his offense was 40 years.  Neither Mack nor the Government objected to the PSR's Guidelines determinations, but the Government moved for a downward departure, based on Mack's substantial assistance, and to impose the plea agreement's 20-year sentence.  At sentencing, the court accepted the plea agreement and granted the downward departure, but determined a departure below "the agreed sentence" would not be justified, imposing a sentence of 240 months' imprisonment, with four years' supervised release to follow.

Mack did not directly appeal his sentence; and his 28 U.S.C. § 2255 motion was denied.  His motion for a sentence reduction, pursuant to 18 § 3582(c)(2), was denied on 8 July 2016, with the court's ruling a reduction was not justified because, *inter alia,* Mack's plea agreement was binding and his sentence was already significantly lower than the applicable Guidelines sentencing range.  On 1 August 2016, Mack moved for reconsideration; the motion was denied.

No. 16-11478

As an initial matter, Mack's motion for reconsideration was filed more than 14 days after entry of the court's order denying his § 3582(c)(2) motion. Therefore, the untimely motion was an unauthorized motion the district court lacked jurisdiction to entertain. *See* Fed. R. App. P. 4(b)(1)(A)(i); *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994); *United States v. Cook*, 670 F.2d 46, 48–49 (5th Cir. 1982).

Although Mack's untimely motion for reconsideration did not toll the time for filing a notice of appeal from the underlying denial of § 3582(c)(2) relief, *cf. United States v. Brewer*, 60 F.3d 1142, 1143–44 (5th Cir. 1995), the time limit for filing a notice of appeal in a criminal action is not jurisdictional and may be waived, *see United States v. Martinez*, 496 F.3d 387, 388 (5th Cir. 2007). We therefore pretermit the issue of the timeliness of the notice of appeal. *See id.* at 389.

Mack contends the court abused its discretion by arbitrarily denying his motion for a sentence reduction, filed pursuant to Amendment 782, which lowered the base-offense levels in the drug-quantity table of Guideline § 2D1.1(c). He asserts his co-defendants received the benefit of Amendment 782, and maintains his plea agreement, which called for a sentence of no greater than 20 years of imprisonment, does not preclude a reduction of his sentence.

The decision whether to reduce a sentence under § 3582(c)(2) is reviewed for abuse of discretion; the interpretation of the Guidelines, *de novo*; and the findings of fact, for clear error. *United States v. Benitez*, 822 F.3d 807, 810–11 (5th Cir. 2016). The judgment may be affirmed on any grounds supported by the record. *United States v. McSween*, 53 F.3d 684, 687 n.3 (5th Cir. 1995).

A court has the discretion to modify a sentence if a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has

subsequently been lowered by the Sentencing Commission". 18 U.S.C. § 3582(c)(2). A defendant such as Mack, however, who was sentenced pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement may be eligible for a § 3582(c)(2) reduction only if "the agreement itself employs the particular Guideline sentencing range applicable to the charged offenses in establishing the term of imprisonment". *United States v. Freeman*, 564 U.S. 522, 540 (2011) (Sotomayor, J., concurring).

Mack's Rule 11(c)(1)(C) plea agreement does not call for a sentence "within a particular Guidelines sentencing range"; provide "for a specific term of imprisonment—such as a number of months—but also make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty"; or "explicitly employ a particular Guidelines sentencing range to establish the term of imprisonment". *Id.* at 538–40 (Sotomayor, J., concurring); *see Benitez*, 822 F.3d at 811. Neither is there any indication the district court based its sentencing decision on a Guideline calculation. *See Benitez*, 822 F.3d at 811–12; *United States v. Williams*, 609 F.3d 368, 373 (5th Cir. 2010). Accordingly, Mack's sentence pursuant to a Rule 11(c)(1)(C) plea agreement was not based on a sentencing range that was lowered by Amendment 782, and the court did not abuse its discretion in declining to reduce his sentence under § 3582(c)(2). *See Benitez*, 822 F.3d at 811–12.

AFFIRMED.