# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2011

Lyle W. Cayce
Clerk

No. 10-30192

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL CAULFIELD, also known as Big Mike,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana

Before GARZA, STEWART, and HAYNES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Appellant Michael Caulfield appeals the district court's calculation of the amount of his sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).  Caulfield was convicted of conspiracy to possess with intent to distribute more than 5 grams but less than 50 grams of cocaine base and more than 500 grams but less than 5 kilograms of cocaine hydrocholoride (Count 1), distribution of more than 5 grams but less than 50 grams of crack cocaine (Count 2), and using a communication facility to facilitate the commission of a drug trafficking crime (Count 3).  The district court sentenced Caulfield to 275 months in prison on Count One and Count Two and 48 months on Count Three, to be served concurrently.   Caulfield filed a motion to reduce his sentence pursuant to

No. 10-30192

§ 3582(c)(2), based on the United States Sentencing Commission's retroactive amendment to the base offense levels for crack cocaine offenses. The district court granted the motion and sentenced him to 250 months in prison. Caulfield filed a notice of appeal, but later filed a motion to dismiss the appeal, which we granted. Caulfield then filed a motion for reconsideration in the district court, arguing that the court had erred by applying an amendment to the Sentencing Guidelines that was not adopted until after he initially moved for a reduction of his sentence. He also contended that his continued good behavior in prison warranted a further reduction. The district court rejected Caulfield's argument that it had relied on the incorrect Guidelines amendment, but it granted him a further reduction to 235 months based on his good behavior. Caulfield appeals. For the reasons set forth herein, we affirm the district court's ruling.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 130 S.Ct. 2683, 2690 (2010) (quoting § 3582(b)). "Section 3582(c)(2) permits a district court to reduce a term of imprisonment when it is based upon a sentencing range that has subsequently been lowered by an amendment to the Guidelines, if such a reduction is consistent with the policy statements issued by the Sentencing Commission." *United States v. Gonzalez-Balderas*, 105 F.3d 981, 982 (5th Cir.1997). Caulfield's sentence was reduced pursuant to a series of amendments to the Sentencing Guidelines commonly known as the "crack cocaine amendments." In 2007, the Sentencing Commission adopted Amendment 706, which "amended the guidelines applicable to cocaine base (i.e., crack cocaine) offenses by raising the quantity required to trigger each base offense level, effectively lowering each respective sentencing range." *United States v. Evans*, 587 F.3d 667, 669 n.1 (5th Cir. 2009) (citing U.S.S.G. app. C, amend. 706 (Nov. 1, 2007)). Amendment 706 was made retroactive by the subsequent Amendment 713. *Id.* (citing U.S.S.G.

app. C, amend. 713 (Mar. 3, 2008)).  It was soon discovered that the original method of calculation set forth in Amendment 706 sometimes resulted in a "sentencing anomaly" whereby some offenders did not receive the benefit of the two-level reduction, whereas some others received "a reduction greater than intended." U.S.S.G. app. C, amend. 715 (Reason for Amendment ¶ 1) (2008).  In order to prevent such "bizarre results," the Sentencing Commission adopted Amendments 715 and 716. *United States v. Woods*, 581 F.3d 531, 537 (7th Cir. 2009). Amendment 715 amended the method for calculating sentence reductions and Amendment 716 rendered Amendment 715 retroactive.  U.S.S.G. app. C, amends. 715-716 (2008).

Caulfield argues that he is one of the handful of defendants who fared better under Amendment 706 than under Amendment 715, and that, because Amendment 706 was the amendment in effect at the time he brought his motion for a sentencing reduction, he is entitled to be sentenced under that amendment. The Government responds that the district court correctly applied Amendment 715 and that, in any event, it did not abuse its discretion in declining to grant a more substantial reduction.  Caulfield bases his argument at least in part on the *Ex Post Facto* Clause.  U.S. Const., art. I, § 9; *see United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("A sentencing court must apply the version of the sentencing guidelines effective at the time of sentencing unless application of that version would violate the Ex Post Facto Clause of the Constitution."). We disagree that it has any application here. "The heart of the *Ex Post Facto* Clause bars application of a law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed." *Johnson v. United States*, 529 U.S. 694, 699 (2000) (citations, alterations, and quotation marks omitted).  "A statute violates the Ex Post Facto Clause only if it retroactively effects [a] change in the definition of respondent's crime or increases the punishment attached to respondent's crime." *Wallace v.*

No. 10-30192

*Quarterman*, 516 F.3d 351, 354 (5th Cir. 2008) (citations and quotation marks omitted).  Amendment 715 did not increase Caulfield's punishment from that which was authorized at the time his crime was committed; to the contrary, under Amendment 715, Caulfield was eligible to receive a reduction in his original sentence.  That he might have been eligible for a greater discretionary reduction under Amendment 706 does not give rise to an *ex post facto* violation.  Nor can Caulfield rely on the intent of the Sentencing Commission or the terms of § 3582(c)(2).  A defendant may receive a § 3582(c)(2) reduction only insofar as the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  Amendments 715 and 716 make clear that the Sentencing Commission does not intend for the anomalies that arose under Amendment 706 to persist.  Applying the most recent amendments in this situation was not error.

In light of the above, the judgment of the district court is AFFIRMED.