# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 26, 2012

Lyle W. Cayce
Clerk

No.12-50005
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELVIN JEROME JOHNSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 6:06-CR-31-1

Before DAVIS, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Delvin Johnson, federal prisoner #56531-180, is serving a prison sentence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for possessing with intent to distribute cocaine and possessing a firearm during the commission of a drug-trafficking crime.  He moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c), relying on Amendments 750 and 706 to Sentencing Guidelines, which had the effect of reducing sentences for certain crimes involving crack cocaine.  The district court determined Johnson was eligible for a reduction and imposed an amended sentence of 36 months on the drug count, which was above the amended guideline range of 24 to 30 months but below the original sentence of 40 months.  Though the court did not specify which amendment formed the basis of its decision, it appears that the court applied the most recent version of the guidelines, which incorporated the more recent amendment—Amendment 750.  Johnson moved to proceed *in forma pauperis* ("IFP") on appeal, but the district court denied the motion, certifying that the appeal was not taken in good faith.

Johnson now moves this court to proceed IFP.  By doing so, he challenges the certification that the appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  We review for abuse of discretion a decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2).  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  In determining whether to reduce a sentence, the district court first determines the extent of any authorized reduction. *Dillon v. United States,* 130 S. Ct. 2683, 2691 (2010).  Next, the court must consider any applicable 18 U.S.C. § 3553(a) factors and determine whether a reduction is warranted in whole or in part under the circumstances.  *Id.* at 2692.

None of the purported nonfrivolous issues that Johnson raises is arguable on its merits.  *See Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983).  First, he contends that because the court granted him a downward departure at his original sentencing and imposed a prison term six months below the pre-departure guideline range, it was similarly required to impose a revised sentence six months below the amended range.  We have rejected that argument.  Where the defendant originally received a sentence below the range, a district court may,

under § 3582, impose a modified sentence comparably below the amended range but is not required to do so. *United States v. Cooley*, 590 F.3d 293, 294, 297 (5th Cir. 2009).

Johnson contends that the district court failed to address several factors, including his postconviction rehabilitation, that he asserted militated in favor of a lower sentence; he faults the court for taking into account adverse factors that did not result in an above-guideline sentence at the original sentencing hearing. The court understood its responsibility to consider the § 3553(a) factors and did so. *See Dillon*, 130 S. Ct. at 2692. Johnson laid out all of his arguments for a lower sentence, so we assume that the court considered them. *See Evans*, 587 F.3d at 673. It was not required to explain its reasons for rejecting them. *See Cooley*, 590 F.3d at 297. A court is not required to weigh the defendant's post-conviction rehabilitation more heavily than the characteristics that the defendant exhibited at the time of the offense. *See Evans*, 587 F.3d at 672-73.

To the extent that Johnson attacks the decision to sentence him outside the amended guideline range, he still cannot succeed. Because the court was under no obligation to reduce the sentence, it was under no obligation to reduce it more than it had done. *Id.* at 673. Moreover, though U.S.S.G. § 1B1.10(b)(2) imposes certain specific limitations on the court's ability to reduce a sentence, nothing suggests that a court, upon determining that a reduction is warranted, may not impose a sentence above the new guideline range.

Johnson argues that he was entitled to two sentence reductions—under both Amendment 706 and Amendment 750. Adopted in 2007, Amendment 706 had the general effect of reducing base offense levels for crack cocaine sentences. U.S.S.G., App. C, amend. 706, at 226-31 (Supp. Nov. 1, 2007); *see Evans*, 587 F.3d at 672; *United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008). But in 2011, after Congress passed the Fair Sentencing Act, the Sentencing Commission adopted Amendment 750, making permanent Amendment 748, which put into place a new framework for calculating crack sentences. U.S.S.G., App. C.

amend. 750, at 391-98 (Supp. Nov. 1, 2011); U.S.S.G. § App. C., amend 748, at 376, 378, 381 (Supp. Nov. 1, 2011). Johnson has not explained—and it is not apparent—how Amendment 706 remains applicable after Amendment 750 went into effect. He thus cannot show that he was entitled to a further reduction.

According to Johnson, the district court violated the Ex Post Facto Clause of the Constitution by imposing a sentence above the amended guideline range despite that it had imposed a sentence six months below the low end of the pre-departure range when he was originally sentenced. The application of Amendment 750 did not increase Johnson's punishment; indeed, it resulted in a lighter sentence than was authorized at the time Johnson committed the drug offense. *See United States v. Caufield*, 634 F.3d 281, 283-84 (5th Cir. 2011). That the court could have imposed an even shorter sentence under Amendment 750 does not amount to a violation of the Ex Post Facto Clause. *See id.* at 284.

Johnson argues that sentencing regime for crack offenses violates the Due Process Clause because, even after the Fair Sentencing Act and Amendment 750, offenses involving crack are subject to higher sentences than are those involving the same amount of powder cocaine. We have consistently held that a sentencing scheme that imposes harsher sentences for crack offenses than for powder cocaine offenses does not run afoul of due process. *E.g., United States v. Wilson*, 77 F.3d 105, 112 (5th Cir. 1996).

Johnson has not established that "the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard*, 707 F.2d at 220 (internal quotation marks and citation omitted). Thus, his motion to proceed IFP is DENIED, and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Johnson's motion for appointment of counsel is DENIED. *See United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).