# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 17, 2012

No. 11-60646

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JARVIS JONES,

Defendant - Appellant

Appeals from the United States District Court
for the Northern District of Mississippi
USDC No. 2:10-CR-78-6

Before KING, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Pursuant to his guilty plea to conspiracy to commit wire fraud, Jarvis Jones was sentenced on 24 August 2011 to, *inter alia*, 88-months imprisonment. He filed a notice of appeal contesting the sentence; a judgment, however, was never entered.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60646

Without objection from the Government, the district court re-sentenced Jones on 3 November 2011 to, *inter alia*, 71-months imprisonment. Judgment was entered on 14 November 2011. Jones again filed a notice of appeal.

Although raised by neither party, the district court lacked jurisdiction to re-sentence Jones. This court must examine *sua sponte* the basis of its own jurisdiction. *United States v. West*, 240 F.3d 456, 458 (5th Cir. 2001).

Within 14 days of sentencing, a district court may "correct a sentence that resulted from arithmetical, technical, or other clear error". FED. R. CRIM. P. 35(a). This time limit is jurisdictional and strictly construed. *United States v. Lopez*, 26 F.3d 512, 518-23 (5th Cir. 1994) (district court lacked jurisdiction to reconsider sentence outside Rule 35 time limit).

Therefore, under Rule 35(a), the district court had until 7 September 2011 to correct or modify Jones' original sentence; it lacked jurisdiction to re-sentence him on 3 November 2011. Accordingly, the later-imposed sentence and its corresponding entry of judgment are void.

Because judgment as to Jones' original sentence was never entered on the criminal docket, he had no judgment from which to appeal. FED. R. APP. P. 4(b)(1)(A) (defendant must appeal within 14 days of entry of judgment); FED. R. APP. P. 4(b)(6) (judgment entered for purposes of Rule 4(b) when entered on criminal docket). Entry of judgment as to Jones' 24 August 2011, original sentence will perfect his appeal. FED. R. APP. P. 4(b)(2) (notice of appeal filed after announcement of sentence, but before entry of judgment, is treated as filed on date entry occurs).

**DISMISSED FOR LACK OF JURISDICTION**.