REVISED MARCH 27, 2013

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**
January 29, 2013

Lyle W. Cayce
Clerk

No. 11-41069
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEONEL GONZALEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-1708-1

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Leonel Gonzalez pleaded guilty of being a felon in possession of a firearm and was sentenced on June 15, 2011, to an 87-month term of imprisonment and to a three-year period of supervised release. On June 21, 2011, the district court vacated its original sentence because it had made an error in calculating Gonzalez's base offense level. Gonzalez was resentenced on September 27, 2011,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to a 120-month term of imprisonment and to a three-year period of supervised release. Subsequently, judgment was entered. Gonzalez gave notice of his appeal.

This court must satisfy itself of the district court's jurisdiction. United States v. Garcia, 606 F.3d 209, 212 n.5 (5th Cir. 2010). "'A judgment of conviction that includes a sentence of imprisonment constitutes a final judgment and may not be modified by a district court except in limited circumstances.'" United States v. Caulfield, 634 F.3d 281, 283 (5th Cir. 2011) (quoting Dillon v. United States, 130 S. Ct. 2683, 2690 (2010); internal quotation marks and brackets omitted); see also 18 U.S.C. § 3582(b) & (c).

The issue presented is whether the district court had the authority under § 3582(c) to modify the term of imprisonment under Rule 35(a) of the Federal Rules of Criminal Procedure. See § 3582(c)(1)(B). Rule 35(a) provides, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." FED. R. CRIM. P. 35(a).

The original sentencing occurred on June 15, 2011, when the district court orally announced the original 87-month sentence. See RULE 35(c). Both parties agree that the district court lacked jurisdiction to impose the new sentence on September 27, 2011, because the resentencing occurred after the expiration of the 14-day period of Rule 35(a). See United States v. Lopez, 26 F.3d 512, 519 & n.8 (5th Cir. 1994).

Judgment was not entered following imposition of the original sentence. Because the subsequent resentencing and entry of judgment were outside of the 14-day period of Rule 35(a), they are void. See FED. R. APP. P. 4(b). Thus, there was no judgment from which Gonzalez could appeal, and this court lacks jurisdiction. See United States v. Jones, 2012 WL 4903683 at *1 (5th Cir. Oct. 17, 2012) (unpublished). Our holding does not impact Gonzalez's original sentence. The appeal is DISMISSED.