# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30581
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

     Plaintiff - Appellee

v.

EDWARD DAVIS,

     Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CR-36-2

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Pursuant to his guilty plea, Edward Davis was convicted of conspiring to distribute and possess with intent to distribute five grams or more of cocaine base and distribution of five grams or more of cocaine base. After denying Davis's request to apply the Fair Sentencing Act of 2010 (FSA), the district court determined that Davis was a career offender pursuant to U.S.S.G.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30581

§ 4B1.1(a), with a Guidelines range of 262 to 327 months of imprisonment. The district court downwardly departed pursuant to U.S.S.G. § 5H1.3 and sentenced Davis in February 2011 to concurrent terms of 185 months of imprisonment. Davis did not appeal.

The Supreme Court later held that the FSA applied retroactively to defendants, such as Davis, who committed a crime before the FSA went into effect but who were sentenced after the FSA became effective. *See Dorsey v. United States*, 132 S. Ct. 2321, 2335–36 (2012). Taking note of *Dorsey*, the district court, having previously denied Davis's 28 U.S.C. § 2255 motion in which he sought retroactive application of the FSA, conducted a resentencing hearing in June 2015. The district court determined that retroactive application of the FSA reduced Davis's statutory maximum sentence, thus lowering his career offender base offense level and consequently the applicable Guidelines range. The district court imposed concurrent 151-month terms of imprisonment on resentencing.

Davis appeals from the resentencing. He argues that the district court erred at resentencing by not applying the same percentage reduction from his Guidelines range applied at his original sentencing.

This court must satisfy itself of the district court's jurisdiction. *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010). If we determine the district court "lack[s] jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the" matter. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 73 (1997). "[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment" for all purposes unless modified or corrected on direct appeal under 18 U.S.C. § 3742, modified under 18 U.S.C. § 3582(c), or corrected under Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(b); *see United States v. Caulfield*, 634 F.3d 281, 283 (5th Cir. 2011).

No. 15-30581

We do not agree with the Government's contention that the resentencing was conducted pursuant to Section 2255. As noted above, the district court had previously denied Davis's Section 2255 motion, and Davis's appeal of that denial was pending when the resentencing took place. The resentencing took place far beyond the 14-day period provided by Rule 35(a), which is a jurisdictional time limit. *See* FED. R. CRIM. P. 35(a); *United States v. Lopez*, 26 F.3d 512, 515–20 (5th Cir. 1994). Further, resentencing was not on account of substantial assistance to the Government, as permitted by Rule 35(b). *See* FED. R. CRIM. P. 35(b). Nor was Davis's sentence reduced pursuant to a retroactive amendment to the Sentencing Guidelines, as contemplated by Section 3582(c)(2). Indeed, as we have held, "[t]he crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders." *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009).

Accordingly, we conclude that the district court lacked authority to resentence Davis. That means that the 151-month sentence of imprisonment imposed on resentencing is void, as is the corresponding entry of judgment. The sentence is VACATED and the remainder of this appeal is DISMISSED.

In order to prevent injustice and by separate order entered this day, we have reinstated Davis's prior appeal, No. 13-31002.