# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-40210
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 15, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JASON THOMPSON,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:20-CR-63-6

---

Before SMITH, HIGGINSON, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Jason Thompson, federal prisoner #27274-509, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion. Thompson was sentenced in July 2022, to 235 months for possession with intent to distribute 50 grams or more of methamphetamine (actual) and to a consecutive 60 months for possession of a firearm in furtherance of a drug-trafficking crime. In February 2025, the district court granted Thompson's motion for a reduction per § 3582(c)(2),

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

lowering the sentence on the drug-trafficking count to 210 months based on Amendment 821 to the Sentencing Guidelines.

In the underlying § 3582(c)(2) motion, Thompson requested a reduction based on Amendments 706, 750, and 782. The district court determined that the motion was moot because Thompson had already received the benefit of Amendment 821.

Thompson contends that the order denying his motion does not allow for meaningful appellate review because it does not address the effect of Amendments 705, 750, and 782. He contends that the district court did not follow the proper procedure for evaluating his § 3582(c)(2) motion and failed to consider the merits of the motion. The government takes the position that, while the court was mistaken in stating that Thompson's motion was based on Amendment 821, this court should nevertheless affirm the denial of the § 3582(c)(2) motion because Amendments 706 and 750 apply only to crack cocaine and because Thompson received the benefit of Amendment 782 at his original sentencing. In his reply brief, Thompson maintains that the government is incorrect in asserting that Amendments 706 and 750 do not reduce his offense level.

We may affirm on any ground supported by the record. *See United States v. Chacon*, 742 F.3d 219, 220 (5th Cir. 2014).

Section 3582(c)(2) allows a district court to grant a reduction "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see United States v. Henderson*, 636 F.3d 713, 715, 717 (5th Cir. 2011). A reduction is not authorized under § 3582(c)(2) where an amendment does not have the effect of lowering the guideline range. U.S.S.G. § 1B1.10(a)(2)(B), p.s. Our review of whether a defendant is eligible for a sentence reduction under § 3582(c)(2) is *de novo*.

No. 25-40210

*United States v. Jones*, 596 F.3d 273, 276 (5th Cir. 2010).

Amendments 706 and 750 do not expressly reduce Thomspon's guideline range; they focus on crack cocaine, not methamphetamine. *See United States v. Kelly*, 716 F.3d 180, 180 (5th Cir. 2013); *United States v. Caulfield*, 634 F.3d 281, 283 (5th Cir. 2011). And, in any event, because they were in effect when the 2021 Guidelines Manual was used to determine his guidelines range, Thompson already received the benefits, if any, of those amendments at his original sentencing. Accordingly, Thompson is not eligible for a reduction under them. *See Henderson*, 636 F.3d at 715, 717; § 1B1.10(a)(2)(B), p.s.

Amendment 782 "amended [U.S.S.G.] § 2D1.1 to allow a two-level reduction to offense level based on the drug quantity." *United States v. Quintanilla*, 868 F.3d 315, 318 (5th Cir. 2017). But because Thompson was sentenced after Amendment 782 became effective and was afforded its benefit at his original sentencing, he is not eligible for a § 3582(c)(2) reduction based on it. *See Henderson*, 636 F.3d at 715, 717; § 1B1.10(a)(2)(B), p.s.

AFFIRMED.