# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10383
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TIFFANY TABER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-96-36

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tiffany Taber, federal prisoner # 43283-177, was sentenced to 97 months of imprisonment following her guilty plea conviction for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846 & 841(a)(1), (b)(1)(B). The 97-month sentence was agreed upon by the parties pursuant to a binding plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10383

Proceeding pro se, Taber now appeals the district court's denial of her 18 U.S.C. § 3582(c)(2) motion for reduction of sentence based on Amendment 782 to the Sentencing Guidelines.  Amendment 782, which became effective on November 1, 2014, and applies retroactively, amended the drug quantity table set forth at U.S.S.G. § 2D1.1(c), effectively lowering most drug-related base offense levels by two levels.  *See* U.S.S.G., App. C., Amend. 782; U.S.S.G. § 1B1.10(d).  The district court denied Taber's § 3582(c)(2) motion on the ground that the motion was barred by the explicit terms of the plea agreement's waiver, which provided, inter alia, that Taber waived her right "to seek any future reduction in her sentence (e.g., based on a change in sentencing guidelines or statutory law)."

The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, and its interpretation of the Guidelines is reviewed de novo.  *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).  We may affirm the district court's judgment on any basis supported by the record.  *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).

Section 3582(c)(2) provides that a defendant's sentence may be modified if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see United States v. Doublin*, 572 F.3d 235, 237 (2009).  Taber's sentence was not based on the Guidelines.  Rather, Taber was sentenced pursuant to a binding Rule 11(c)(1)(C) plea agreement.  The plea agreement did not call for Taber to be sentenced within a particular guidelines range or provide that the 97-month sentence was based on the 188 to 235 month guidelines range applicable to Taber's drug offense, nor did it use any guidelines range to establish the agreed upon term of imprisonment.  *See*

2

No. 15-10383

*Freeman v. United States*, 131 S. Ct. 2685, 2697-98 (2011) (Sotomayor, J., concurring); *United States v. Williams*, 609 F.3d 368, 370-73 (5th Cir. 2010). Thus, even if the waiver did not bar Taber's motion, Taber's sentence was not derived from the Guidelines. According, the district court did not abuse its discretion in denying Taber's motion to reduce her sentence under § 3582(c)(2).

For this reason, the district court's judgment is AFFIRMED.