# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2024

Lyle W. Cayce
Clerk

No. 23-20365
Summary Calendar

United States of America,

*Plaintiff—Appellee,*

*versus*

Richard Redmon Anderson,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-456-1

Before Jolly, Higginson, and Duncan, *Circuit Judges.*

Per Curiam:[*]

Richard Redmon Anderson, federal prisoner # 18279-379, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release. On appeal, Anderson contends that extraordinary and compelling circumstances warrant relief. He argues that if he were sentenced today, his guidelines range would be drastically lower due to an intervening change in

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the sentencing laws. Specifically, he argues that if he were sentenced today, under the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), he only would be held accountable for 100 grams of a controlled substance instead of the 1,081.03 kilograms of marijuana equivalency.

We review the denial of Anderson's § 3582(c)(1)(A)(i) motion for compassionate release for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). In *Alleyne*, 570 U.S. at 103, the Supreme Court held that facts that increase a mandatory minimum sentence, like those that increase a statutory maximum, must be admitted by the defendant or found by a jury beyond a reasonable doubt. The relevant ruling in *Alleyne*, however, is inapplicable in the context of the Sentencing Guidelines. *See United States v. Stanford*, 805 F.3d 557, 570 (5th Cir. 2015). Thus, for purposes of determining an offense level, drug quantity does not have to be admitted by the defendant or found by a jury beyond a reasonable doubt. *United States v. Hinojosa*, 749 F.3d 407, 412-13 (5th Cir. 2014). Accordingly, because the sentencing court's determination that Anderson was accountable for 1,081.03 kilograms of marijuana equivalency did not increase the mandatory minimum for his offense, *Alleyne* has no bearing on Anderson's sentence.

In his motion before the district court, Anderson further alleged that he was entitled to relief under Amendment 782 to the Sentencing Guidelines. This amendment reduced the base offense levels for most drugs in the Drug Quantity Table set forth in U.S.S.G. § 2D1.1. *See* U.S.S.G., App. C, Amend. 782; U.S.S.G. § 1B1.10(d); *United States v. Taber*, 643 F. App'x 452, 452 (5th Cir. 2016). On appeal, however, Anderson failed to raise this argument in his brief. We, therefore, find that he has abandoned this argument and we need not address it. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

No. 23-20365

Because Anderson fails to demonstrate that the district court abused its discretion in denying his motion for compassionate release based on its implicit finding that he failed to establish extraordinary and compelling circumstances, we do not reach his argument that the 18 U.S.C. § 3553(a) factors warranted relief. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693. Accordingly, the district court's decision is, in all respects,

AFFIRMED.